## KAY et al. v. ORANGE–CRUSH CO.

### No. 1787.

District Court, N. D. Illinois, E. D.

Aug. 5, 1941.

Max R. Kraus and Joseph B. Alexander, both of Chicago, Ill., for plaintiff.

Carl S. Lloyd (of Kirkland, Fleming, Green, Martin & Ellis), of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff manufactured for the defendant, according to a design agreed upon between plaintiff and defendant, a sign comprising a combination menu board and clock electrically operated and illuminated and advertising the defendant's product "Orange Crush". After manufacturing many such signs for a little over a year the plaintiff received notice from the defendant that new prices proposed to be charged for the sign by the plaintiff were not satisfactory and that defendant would seek a new source of supply. Subsequently the defendant contracted with the Cincinnati Advertising Products Company to manufacture an exact duplicate of said sign for its continued use. Plaintiff contends that such manufacture and use constitutes an infringement of his design patent No. 111,583 and is unfair competition.

There is no question but that the plaintiff has proved the sign manufactured by the Cincinnati Advertising Products Company to be an exact copy of the one manufactured by plaintiff. A comparison of the two signs clearly establishes this fact which is further conceded by the defendant in its brief. But here the plaintiff's proof stops.

I fail to see from an inspection of both signs or from the photographic reproductions of the plaintiff's sign in plaintiff's exhibits 3, 8, 9 and 10 (no drawings having been submitted) where either sign is an embodiment of the patent in suit. There are in plaintiff's exhibits 8, 9 and 10 (advertising catalogs of plaintiff) several reproductions of signs clearly embodiments of the design in patent No. 111,583, but the sign in suit is readily distinguished from these as it also is from the drawing in the patent, even if the drawing were in inverted position. If then, as plaintiff correctly urges, the test is "How does it look?" the answer seems obvious that the sign under consideration does not look like the drawing in patent No. 111,583.

Apparently the plaintiff was not himself convinced that the sign he made for the defendant was an embodiment of the patent in suit. The evidence clearly establishes that many of the signs first manufactured for the defendant bore a marking "patent No. 106,116". This practice seems to have been continued for some time and until the plaintiff commenced marking the signs with seven different patent numbers (plaintiff's exhibit 12) including No. 111,583 as well as No. 106,116. A review of the seven patents listed reveals that the sign in question contains some of the features of many of them but all of the features of none of them. Plaintiff now selects of this group No. 111,583 as the specific patent applying to this sign, but his proof fails to substantiate his position.

I do not agree either with the explanation of the plaintiff that such marking was a mistake or with the theory of the defendant that it was a deliberate mismarking. Obviously from the testimony the plaintiff first thought patent No. 106,116 protected this sign, later felt safer if he used all his patents that in any way were similar to the design, and when forced to make a final decision for the purpose of this suit selected No. 111,583.

Accordingly, it is my opinion that the accused sign does not infringe the patent set up in plaintiff's complaint. It, therefore is not necessary to pass upon the validity of said patent.

The charge of unfair competition as set up in the complaint has not been proved.

An order will, therefore, be entered dismissing the complaint at plaintiff's costs.

Findings of Fact and Conclusions of Law

This action having come on for trial and evidence on behalf of the respective parties and arguments of counsel having been heard by the Court, the Court finds:

1. That plaintiffs manufactured for defendant a sign, according to a design agreed upon between plaintiffs and defendant, comprising a combination menu board and clock electrically operated and illuminated and advertising defendant's product "Orange-Crush".

2. That subsequently defendant purchased from Cincinnati Advertising Products Company and used or sold duplicate

426

signs which are alleged in the complaint to infringe Design Patent No. 111,583, the complaint also charging defendant with unfair competition.

3. That said Cincinnati Advertising Products Company appeared at the trial by counsel and agreed to be bound by the decree herein, so far as the charge of patent infringement is concerned.

4. That many of the signs manufactured by plaintiffs for defendant were marked with a single patent number other than the number of the patent in suit, namely, "Patent No. 106,116", and later plaintiffs commenced marking the signs with seven different patent numbers, including No. 111,-583, the patent in suit, as well as No. 106,-116, indicating that plaintiffs themselves were not convinced that the signs they made for defendant were an embodiment of the patent in suit.

5. That, in the Court's opinion, neither the sign manufactured by plaintiffs for defendant nor the sign manufactured for defendant by said Cincinnati Advertising Products Company looks like the design illustrated in the drawing in said Design Patent No. 111,583, even if the drawing were in inverted position as plaintiffs contend it should be viewed.

The Court concludes as a matter of law:

1. That the defendant's accused sign does not infringe the patents set up in plaintiffs' complaint.

2. That the charge of unfair competition as set up in the complaint has not been proved.